**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

BRIAN C.  DANAHA,
                    Appellant,

                    v.

OFFICE OF PERSONNEL
    MANAGEMENT,
                    Agency.

DOCKET NUMBER
CH-0841-14-0140-I-2

DATE: March 27, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Norman Jackman</u>, Esquire, Cambridge, Massachusetts, for the appellant.

<u>Cynthia Reinhold</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1      The agency has filed a petition for review of the initial decision, which modified the Office of Personnel Management's (OPM's) calculation of the appellant's Federal Employees' Retirement System (FERS) disability retirement annuity under 5 U.S.C. § 8452.  For the reasons discussed below, we GRANT the

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

agency's petition for review, VACATE the initial decision, and REMAND the appeal to OPM for recalculation of the appellant's FERS disability retirement annuity.

## BACKGROUND

¶2    The essential facts in this appeal, as set forth by the administrative judge, are not in dispute. MSPB Docket No. CH-0841-14-0140-I-1, Initial Appeal File (I-1 IAF), Tab 13; MSPB Docket No. CH-0841-14-0140-I-2, Initial Appeal File (IAF), Tab 9, Initial Decision (ID) at 2. The appellant began employment with the U.S. Postal Service on August 5, 2006, as a part-time flexible employee. I-1 IAF, Tab 13; ID at 2. On May 7, 2007, he suffered a work-related injury, following which he was largely in a leave-without-pay status. ID at 2. Effective November 24, 2007, the appellant was converted to a full-time position. I-1 IAF, Tab 13. In July 2010, the appellant's disability retirement application was approved and he received disability retirement benefits retroactive to January 10, 2009. ID at 2. The appellant's last day in a pay status was January 9, 2009. I-1 IAF, Tab 13; ID at 2.

¶3    The appellant filed a Board appeal alleging that OPM had incorrectly calculated his disability retirement annuity and failed to respond to his requests for reconsideration. I-1 IAF, Tab 1 at 5. After the appellant filed his Board appeal, OPM issued an initial decision setting forth its calculation of the appellant's disability retirement annuity in the amount of $531 per month for the first year and $417 per month beginning the second year, based on an average pay of $29,603. I-1 IAF, Tab 10 at 6-7.

¶4    The appellant disagreed with OPM's calculation of his average pay and filed a pleading setting forth his own calculations based on an average pay of $47,717.95. I-1 IAF, Tab 14. According to the administrative judge, the parties agreed that OPM would treat the appellant's pleading as a request for reconsideration of OPM's decision, and OPM agreed to issue a reconsideration

decision within 60 days.[2]  I-1 IAF, Tab 15, Tab 16 at 2.  On April 29, 2012, OPM issued a reconsideration decision affirming its initial decision.  IAF, Tab 6 at 4-6.

¶5    Based on the record, the parties appear to have agreed that the appellant's disability annuity is calculated pursuant to 5 U.S.C. § 8452, as a percentage of the appellant's average pay and that average pay, as defined in section 8401, based on an employee's "rate of basic pay."   However, the parties disputed how to determine the appellant's rate of basic pay during his part-time flexible service performed from August 5, 2006, to November 23, 2007, at various hourly rates. OPM utilized the appellant's actual earnings, which it computed based on his retirement contributions during his part-time service.  IAF, Tab 6 at 5.  The appellant argued that the proper method to use was the deemed full-time rates of basic pay, prorated as set forth in 5 U.S.C. § 8415.  IAF, Tab 4 at 4-5.

¶6    After the appellant waived his right to a hearing, the administrative judge issued an initial decision based on the written record.  IAF, Tab 8 at 4; ID at 1. The administrative judge held that OPM improperly used the appellant's actual earnings during his service as a part-time flexible employee to calculate his average pay.  ID at 4.   The administrative judge further held that the proper method to use is the full-time annual rate of basic pay for the position.[3]  ID at 4. In so holding, the administrative judge determined OPM's regulation, 5 C.F.R. § 844.102, which defines basic pay as "the pay an employee receives that is subject to deductions under FERS," to be inconsistent with the calculation of

---

[2] Accordingly, the administrative judge dismissed the appeal without prejudice for lack of jurisdiction.  I-1 IAF, Tab 16.  After OPM issued its reconsideration decision, the appellant re-filed his Board appeal.  IAF, Tab 1.

[3] The administrative judge declined to prorate the appellant's full-time rates of basic pay because he considered the appellant to be "essentially a full-time employee" based on the hours he worked during his first 9 months of service prior to his injury.  ID at 5. Thus, the administrative judge reasoned that even though the appellant was technically a part-time flexible employee, use of the full-time rates of basic pay would not result in a windfall to the appellant by way of an annuity that exceeds his actual earnings.  ID at 4-5.

average pay contemplated under 5 U.S.C. §§ 8452(a) and 8401(3) which do not reference actual earnings or differentiate between part-time and full-time service. ID at 3-4. Because the administrative judge found the statute to be inconsistent with the regulation, he found the statute controlling. ID at 4.

¶7 Lastly, the administrative judge noted that the Board has previously held that a disability annuity calculated under section 8452 is calculated on the basis of pay actually received by the annuitant, citing 5 C.F.R. § 844.102. ID at 4; *see Siefring v. Office of Personnel Management*, 94 M.S.P.R. 547, ¶¶ 10-11 (2003). However, the administrative judge declined to follow *Siefring*, stating that it failed to consider that 5 U.S.C. § 8401(3), which defines average pay as based on an employee's "rate of basic pay in effect," is controlling in the face of what he viewed as a contrary regulation, 5 C.F.R. § 844.102, which defines basic pay as pay an employee receives. ID at 4.

¶8 OPM has filed a petition for review in which it argues that the administrative judge erred in calculating the average salary for a part-time flexible employee based on full-time rates of pay instead of actual earnings. Petition for Review (PFR) File, Tab 1. In support of its argument, OPM cites to *American Postal Workers Union, AFL-CIO v. U.S. Postal Service*, 707 F.2d 548, 560 (D.C. Cir. 1983), which explains that since 1978, the method for calculating annuities of part-time flexible employees has been to use actual pay received. PFR File, Tab 1 at 10. In its petition, OPM requests that the Board vacate the reconsideration decision and remand the case for recalculation of the appellant's annuity due to an error in its calculation of the appellant's actual pay for calendar year 2007, and an error regarding one of the appellant's salary figures. *Id.* at 12-13. The appellant has filed a response in opposition to the agency's petition. PFR File, Tab 3.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶9        A FERS disability retirement annuity is calculated pursuant to 5 U.S.C. § 8452(a) as a percentage of an annuitant's "average pay."[4]  Average pay is defined as, "the largest annual rate resulting from averaging an employee's or Member's rates of basic pay in effect over any 3 consecutive years of service, or, in the case of an annuity under this chapter based on service of less than 3 years, over the total service, with each rate weighted by the period it was in effect." 5 U.S.C. § 8401(3).  The term basic pay is defined as including certain types of pay, but excluding bonuses, allowances, overtime pay, and military pay. 5 U.S.C. § 8401(4); 5 U.S.C. § 8331(3).  OPM's regulations define basic pay as, "the pay an employee receives that is subject to deductions under FERS." 5 C.F.R. § 844.102.

¶10       We agree with OPM that the administrative judge erred in finding that the calculation of the appellant's average pay under section 8452 should be based on what the appellant would have earned as a full-time employee and not his actual earnings for the period of time that he served as a part-time flexible employee.

¶11       Unlike the provisions for calculating a basic annuity under section 8415, the provisions for calculating a disability annuity under section 8452 do not contain a specific provision addressing the calculation of average pay for part-time employees.  To calculate a basic annuity based on service performed on a part-time basis, the statute requires proration of the employee's average pay (based on a deemed full-time rate of pay) to reflect the proportion of service that was performed on a part-time basis.  Specifically, section 8415(g) states that in calculating an employee's basic annuity, where an employee's service includes

---

[4] We note, however, that the amount of a FERS disability annuity, after reduction for any Social Security disability benefits, "shall not be less than the amount of an annuity computed under section 8415 (excluding subsection (h) of such section)." 5 U.S.C. § 8452(d)(1).  Thus, the appellant would be entitled to a disability retirement annuity computed under section 8415 if it would result in a benefit amount greater than his benefit amount as calculated under section 8452.

part-time service, the average pay is calculated "by using the annual rate of basic pay that would be payable for full-time service in the position" and that number is then multiplied by a fraction representing the ratio of the employee's actual service to total service creditable, if all service had been performed on a full-time basis. 5 U.S.C. § 8415(g).

¶12    In contrast, section 8452 is silent regarding how to calculate average pay for part-time employees. In *Siefring*, we previously found this distinction significant and held that "[t]he absence of such language in section 8452 shows that Congress intended for disability annuities to be computed using an average of the *pay actually received by the annuitant.*"[5]   *Siefring*, 94 M.S.P.R. 547 at ¶ 11 (emphasis added). We disagree with the administrative judge that the decision in *Siefring* failed to consider that 5 U.S.C. § 8401(3), a statute, is controlling over 5 C.F.R. § 844.102 because we do not view them as inconsistent. *See* ID at 3-4. As set forth above, section 8401(3) simply defines average pay as based on an employee's annual rate of basic pay. Basic pay is then defined in 5 U.S.C.§ 8331(3) (basic pay includes certain types of pay, but excludes bonuses, allowances, overtime pay, and military pay "given in addition to the base pay of the position as fixed by law or regulation") and 5 C.F.R. § 844.102 (basic pay is pay an employee receives), both of which contemplate base pay actually earned by an employee.

¶13    As the administrative judge found, the appellant's period of service was from August 5, 2006, to January 9, 2009. ID at 2. Because the appellant had less than 3 years of service, his average pay is calculated using a total service average

---

[5] We note that the U.S. Circuit Court for the District of Columbia has similarly held that "although the definition of "basic pay" does not expressly limit the term to pay actually earned, Congress's intention to do so is clear." *American Postal Workers Union, AFL-CIO*, 707 F.2d at 562. Other than decisions of the Federal Circuit, the decisions of the circuit courts are not binding on the Board, but the Board may follow such decisions if it is persuaded by their reasoning. *See Bowman v. Small Business Administration*, 122 M.S.P.R. 217, ¶ 13 n.8 (2015).

pay calculation, that is, the largest annual rate from averaging his rates of basic pay in effect over his total service, with each rate weighted by the period it was in effect. *See* 5 U.S.C. § 8401(3).

¶14    Although we find that OPM properly used the appellant's actual earnings as a part-time flexible employee as his annual basic pay for the period from August 5, 2006, to November 23, 2007, OPM has indicated in its petition that there is an error in the amount of the appellant's actual earnings in 2007. PFR File, Tab 1 at 12-13. We find it necessary under the circumstances to remand the case to OPM for recalculation of the appellant's average pay using the appellant's correct earnings for the period August 5, 2006, to November 23, 2007.

¶15    Effective November 24, 2007, the appellant was converted to a full-time position. I-1 IAF, Tab 12 at 6. Thus, his annual rate of basic pay used to calculate his average pay from that date through January 9, 2009, is, as the administrative judge found, his annual salary.[6] ID at 6. Accordingly, with the exception of minor rounding errors, we find the administrative judge's calculations with respect to the appellant's full-time service to be correct.[7]

## ORDER

¶16    For the reasons discussed above, we REMAND this case to OPM for recalculation of the appellant's FERS disability retirement annuity. OPM shall

---

[6] In its average pay calculation, OPM also used the appellant's annual salary during his service as a full-time employee. IAF, Tab 6 at 15. However, OPM erroneously input $43,388 as the appellant's salary from January 1, 2009, to January 9, 2009, when the appellant's Individual Retirement Record indicates that his salary during this time was $45,388. I-1 IAF, Tab 12 at 5-6; IAF, Tab 6 at 15. OPM acknowledges its error in its petition. PFR, File Tab 1 at 12-13.

[7] The appellant's time-weighted salary for the period of November 24, 2007, through December 21, 2007, should be $3,163.23, not $3163.22. *See* ID at 6. From February 16, 2008, to March 14, 2008, the appellant's time-weighted salary should be $3,429.27, not $3,429.25. *See* ID at 6. From March 15, 2008, to July 7, 2008, the appellant's time-weighted salary should be $13,512.61, not $13,512.60. *See* ID at 6.

recalculate the appellant's average pay, based on his actual earnings for the period from August 5, 2006, to November 23, 2007, in accordance with this order. On remand, OPM, within 60 days of the date of this order, shall issue a new final decision, explaining fully the basis for its calculation of the appellant's annuity, including its calculation of the appellant's actual earnings based on his retirement contributions. OPM shall advise the appellant of his right to file an appeal with the Board if he disagrees with that new decision.

¶17 We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and to describe the actions it took to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

¶18 No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.